JOE COOK ET AL *v.* SOUTHERN CREDIT CORP.

5-5093                                          448 S. W. 2d 634

Opinion delivered January 12, 1970

*William H. Arnold,* for appellants.

*James Cole,* for appellee.

CONLEY BYRD, Justice. The record here shows that appellant Joe Cook, on Oct. 22, 1966, purchased a 1966 Ford Thunderbird automobile from Gerald Harris. He traded in a 1964 Thunderbird and agreed to pay an additional $3,700.00 to consummate the sale. On that date Joe Cook signed a blank conditional sales contract and note which he gave to Harris with the understanding that Harris would hold the contract and note until he could furnish Cook the registration title and pink slip for the 1966 automobile. After approximately three weeks Cook returned the automobile to Harris because Harris could not furnish the title and pink slip as he had agreed to do. When the '66 Thunderbird was returned, Harris had already sold or given up possession of the '64 Thunderbird. At that time Harris agreed that he would get Cook a cheaper automobile.

Cook says that to his knowledge the conditional sales contract and note were never filled out. It is admitted that on Oct. 22, 1966, Harris took Cook's conditional sales contract and note signed in blank to the

offices of Southern Credit Corporation where Harris procured the services of a secretary of Southern Credit Corporation to fill in the blanks. Henry McClure, the Vice President of appellee Southern Credit Corporation testified that he had no knowledge of any defense or claim against the note at the time his company obtained it in good faith and for value.

The trial court entered judgment for appellee Southern Credit Corporation on the conditional sales contract and note. For reversal Cook raises three points, all of which are premised on the fact that appellee was not a holder in due course because it was aware that Harris had used a typewriter and one of appellee's secretaries to fill in the blanks in the signed contract and note. We find appellant's contentions to be without merit. Ark. Stat. Ann. § 85-3-304 (4) (Add. 1961) provides:

> "Knowledge of the following facts does not of itself give the purchaser notice of a defense or claim
>
> (a) . . .
>
> (d) That an incomplete instrument has been completed unless the purchaser has notice of any improper completion; . . ."

The committee comment to the Uniform Commercial Code with reference to subsection (4) (d) points out that the policy of the statute is premised upon the fact that a person in possession of an instrument signed in blank has prima facie authority to fill in the blanks. Therefore as we interpret the statute a purchaser of a commercial instrument is entitled to the status of a holder in due course even though he knows that the possessor of the signed instrument filled in the blanks.

Affirmed.